[945 NYS2d 922]

In the Matter of MARK S. AQUINO, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, June 8, 2012

**APPEARANCES OF COUNSEL**

*Guy C. Giancarlo, Associate Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*Patrick J. Brown,* Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 9, 1992, and maintains an office for the practice of law in Lancaster. The Grievance Committee filed a petition charging respondent with acts of misconduct, including misappropriating funds belonging to another person and commingling those funds with personal funds. Respondent filed an answer admitting the material allegations of the petition and thereafter appeared before this Court and submitted matters in mitigation.

Respondent admits that, in May 2007, opposing counsel in a debt collection matter forwarded to respondent funds in the amount of $2,500 in satisfaction of an alleged debt. Opposing counsel, however, explicitly stated that respondent was to hold the funds in escrow until such time as respondent provided to opposing counsel documentation establishing liability for the alleged debt. In June 2007, respondent deposited the funds into his law firm operating account. In July 2007, in response to an inquiry from opposing counsel, respondent indicated that the funds were being held in his trust account. In December 2008, opposing counsel requested that respondent return the funds because respondent failed to produce the requested documentation. Respondent refused, stating that the funds were being held in escrow and that the documentation would be forthcoming. Opposing counsel thereafter commenced an action against respondent for return of the funds and, in August 2010, opposing counsel obtained on behalf of his client a Florida judgment on default against respondent in the amount of $3,486.68, including interest and costs in the amount of $986.68. Shortly thereafter, respondent remitted $2,500 to opposing counsel. He refused to pay the interest and costs, however, until formal disciplinary proceedings were authorized by the Grievance Committee. In addition, despite respondent's representations to opposing counsel that the funds in question were being held in escrow, they had been deposited into his law firm operating account and, from June 2007 through August 2010, the balance for that account was consistently less than $2,500.

We conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility and the following Rules of Professional Conduct:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a]) and rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0)—misappropriating funds belonging to another person and commingling such funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1]) and rule 1.15 (b) (1) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to maintain funds belonging to another person in a special account separate from his business or personal accounts; and

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]) and rule 1.15 (c) (4) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to pay or deliver to a third person in a prompt manner as requested by the third person the funds, securities or other properties in his possession that the third person is entitled to receive.

Additionally, we conclude that respondent violated rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including his statement that the misconduct was the result of inadvertence and inattention, rather than venal intent. In addition, we have considered the submission of respondent that he has engaged a certified public accountant to assist him in implementing proper accounting procedures with respect to his trust account. Finally, we have considered respondent's expression of remorse for the misconduct and his lengthy and substantial record of community service. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

SMITH, J.P., FAHEY, CARNI and SCONIERS, JJ., concur.

Order of censure entered.